# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DANIELLE NORWOOD,          :

                                      :

     Claimant-Below/Appellant,   :     C.A. No. K19A-04-001 JJC

                                      :     In and for Kent County

     v.                                :

                                      :

ROXANA VOLUNTEER        :

FIRE COMPANY,            :

                                      :

     Employer-Below/Appellee.   :

## ORDER

Submitted:  July 1, 2020
Decided:  July 30, 2020

*Upon Consideration of Appellant's Appeal from the Decision of the Unemployment Insurance Appeal Board –* **AFFIRMED**

**AND NOW TO WIT**, this 30th day of July 2020, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT**:

1.     The Unemployment Insurance Appeal Board (hereinafter "the UIAB" or "the Board") found that the Roxana Volunteer Fire Company (hereinafter "Roxana") had just cause to terminate Ms. Norwood.  As a result, it denied her request for unemployment benefits.  She now appeals that decision.

2.     Roxana employed Ms. Norwood as an emergency medical technician from November 2, 2016, until September 25, 2018.  Roxana's employee handbook contains its employee policies and procedures.  Terminable offenses include "unauthorized use of working hours, including but not limited to: any unreasonable

amount of lost time, or abuse of sick leave."[1] Its employee handbook does not define how much lost time constitutes unreasonable or what constitutes abuse of sick leave. Instead, it permits Roxana to determine whether an employee abuses sick leave on a case-by-case basis.[2] With regard to absences because of sickness, Roxana's policy does not require a doctor's note when an employee uses less than two sick days at a time.[3]

3.     On September 25, 2018, Roxana discharged Ms. Norwood for calling out and missing scheduled shifts due to alleged illnesses. It alleges she called out for sickness many times over the course of a year. According to Roxana, in all but one occasion, Ms. Norwood missed work when Roxanna scheduled her to work with someone other than her regular partner. Before the group of absences directly at issue, Roxana alleges that one of its supervisors counseled Ms. Norwood. EMS Captain Johnson allegedly warned her that continued use of her sick leave to avoid working with certain coworkers would lead to her termination. On the other hand, Ms. Norwood maintains that she did not use her sick time to avoid working with certain partners. Rather, she maintains that she used it appropriately. Based on what she alleges are inconsistencies in Roxana's evidence, she argues that there was not just cause to fire her. Her appeal focuses on the alleged absence of substantial evidence to support the Board's decision.

4.     After Roxana terminated Ms. Norwood, she sought unemployment benefits. On November 28, 2018, a claims deputy found her eligible for benefits because Roxana failed to prove misconduct.[4] Roxana then appealed the claims

---

[1] Appellee's Answering Br., Ex. A.
[2] Record, "Transcript of Board Hearing," at 27.
[3] *Id.*, "Transcript of Referee Hearing," at 170:12–13. Roxana's representative at the Board's hearing testified as to this policy. The record does not specify whether this was a policy included in the company's handbook or was an established, unwritten practice.
[4] *Id.*, "Notice of Determination," at 111. The claims deputy noted that the "employer failed to returned [sic] the Form UC119C (separation information) that was sent by mail on 11/13/18 with

deputy's determination to an appeals referee. Much of the record available to the Board came from evidence and testimony offered at the appeals referee's hearing. In that hearing, Captain Johnson testified that he counseled and issued Ms. Norwood a written reprimand because she called out sick in order to avoid working with a rookie partner.[5] Captain Johnson testified that Ms. Norwood had told other employees about the reason for her call outs. Namely, she felt uncomfortable working with someone so inexperienced.[6] The reprimand allegedly also included a warning that continuing this behavior would result in termination.[7] Ms. Norwood received a separate reprimand for a driving infraction on the same day.[8] She appealed the reprimands to Roxana's board of directors. After a hearing, the board affirmed both of them.[9]

5. Captain Johnson further testified that Ms. Norwood received a second reprimand about misuse of her sick time on September 24, 2018.[10] He explained that the reprimand occurred after Ms. Norwood again called out for medical reasons. Her scheduled partner informed him that it was the second time she had done so with him.[11] After receiving that information, he reviewed Ms. Norwood's sick time records more closely and discovered a pattern in her missed days.[12] Namely, he testified that when Ms. Norwood was scheduled to work with someone other than her full-time partner or another experienced partner, she called out sick "multiple

---

a response de by 11/20/18. The employer was contacted by telephone on 11/26/18 to provide separation information no later than 11/28/18. The employer responded indicating that the claimant was discharged due to excessive absenteeism, failure to improve work performance and reliability. The employer has provided no other documentation."

[5] *Id.*, "Transcript of Referee Hearing," at 145; 292.

[6] *Id.* at 147:13–48:14.

[7] *Id.* at 292.

[8] *Id.* at 293.

[9] *Id.* at 294.

[10] *Id.* at 157:1–8.

[11] *Id.* at 158:3–8.

[12] *Id.* at 158:9.

3

times with inadequate sick time to cover [the] shifts."[13] Captain Johnson also provided the appeals referee a document recording ten absences over the course of one year where "every time [Ms. Norwood] had used a sick day, it was . . . with the exception of one, always with someone other than her partner."[14]

6. Ms. Norwood testified before the appeals referee that she did not use her sick leave to avoid working with certain persons. Instead, she testified that she provided multiple notes from her doctor that Roxana refused to accept.[15] Ms. Norwood also addressed the listed dates of absence that Captain Johnson provided. She testified that on several of the dates, she had either the flu or stomach issues.[16] She explained that on one occasion, she took sick time to care for her grandmother who had suffered a fall.[17] She also testified that she had traded shifts on occasion with the approval of Captain Johnson. She claimed she worked the amount of time expected in those instances, though at different times.[18] She did not appeal her termination to Roxana's board of directors.[19]

7. After the hearing, the appeals referee reversed the decision of the claims deputy. When doing so, she relied upon Roxana's warning that her absenteeism had become a problem and that further issues would result in termination.[20] Despite some doctor's notes she provided post-absences, the appeals referee nevertheless found Ms. Norwood's attendance continued constitute an abuse of sick time because she could not account for over half of her missed days.[21]

---

[13] *Id.* at 158:10–13.
[14] *Id.* at 165:1–5.
[15] *Id.* at 174:19–75:10 (testifying that she provided a doctor's note after her September 12, 2017 reprimand).
[16] *Id.* at 178:15–79:8; 179:16–21; 180:24–83:1.
[17] *Id.* at 179:22–80:18.
[18] *Id.* 177:6–78:6.
[19] *Id.* at 191:20–92:8; 196:14–17.
[20] Record, "Notice of Referee Decision," at 131.
[21] *Id.* at 132.

8. Ms. Norwood then appealed the appeals referee's decision to the UIAB. The UIAB dismissed her appeal after denying her request for a continuance. Next, she appealed the dismissal to the Superior Court. On appeal, the Court reversed the Board's decision and remanded the matter for the Board to conduct a hearing.[22]

9. On remand, the UIAB held Ms. Norwood's hearing on October 16, 2019. In addition to considering the previous evidence of record, it accepted additional testimony from Ms. Norwood and Captain Johnson. Ms. Norwood testified that Roxana's representative explained the sick leave policy's accrual rates at the time of her hire, but never informed her that she could not use her sick leave for other purposes.[23] She also testified that no one from Roxana mentioned these rules to her at the time of her September 2017 warning. According to her, no one told her that her absences from work could result in her termination.[24] On the other hand, Captain Johnson reiterated Roxana's reason for terminating her.[25] He also explained that Ms. Norwood used her sick leave to avoid working with more than two co-workers, which led to multiple uncovered shifts.[26] That, Roxana argued, constituted substantial evidence that she abused her sick leave.

10. The Board considered the evidence presented to the appeals referee, the referee's decision, the Claimant's Notice of Appeal, and the evidence presented at its October 16, 2019 hearing. After doing so, it found that Roxana had just cause to terminate Ms. Norwood. Namely, it found that Ms. Norwood's call outs demonstrated a pattern of avoiding work with certain partners. It further found that excessive call outs for that purpose constituted an abuse of her sick leave that

---

[22] *Norwood v. Roxana Volunteer Fire Company*, 2019 WL 4267416, at *4 (Del. Super. Sept. 9, 2019).
[23] Record, "Transcript of Board Hearing," at 18:1–11.
[24] *Id.* at 18:12–23.
[25] *Id.* at 26.
[26] *Id.* at 28:2–13.

violated Roxana's sick leave policy. Given a violation of the policy, the Board found Roxana had just cause to terminate her.

11. As with appeals from other administrative agencies, this Court's appellate review of the UIAB's factual findings is limited to determining whether the Board's decision was supported by substantial evidence and was free from legal error.[27] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[28] On appeal, the Court views the facts in the light most favorable to the prevailing party below.[29] Moreover, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[30] Absent any errors of law, which are reviewed *de novo*, a decision by an agency such as the UIAB that is supported by substantial evidence will be upheld unless it abused its discretion.[31] The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[32]

12. At the outset, the Board committed no error of law. The Delaware Code disqualifies an individual from receiving benefits if an employer terminated the individual for "just cause."[33] Employers bear the burden of showing by a preponderance of the evidence that a claimant was discharged for just cause in connection with his or her work.[34] Just cause includes a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or

[27] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221 (Del. 2015) (citing *Thompson v. Christiana Care Health System,* 25 A.3d 778, 782 (Del. 2011)).
[28] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).
[29] *Murphy*, 121 A.3d at 1221.
[30] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).
[31] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[32] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).
[33] 19 *Del. C.* § 3314(2) (providing that "[a]n individual will be disqualified for benefits . . . [f]or the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work …").
[34] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 27, 2011).

the employee's expected standard of conduct."[35]  An employer necessarily establishes the standard for acceptable conduct and performance.[36]  More specifically, an employee's violation of an employer's policy constitutes just cause to terminate the employee (1) if the policy provides for termination as a possible consequence and (2) the employee is aware of the policy.[37]

13.  Here, there was no dispute that Roxana had a policy prohibiting abuse of sick leave.  It communicated its policy in an employee handbook and the record evidence supports a finding that Ms. Norwood knew of this policy.  On a case-by-case basis, if employees violated Roxana's sick leave policy, they were subject to termination.  Record evidence supports a rational finding that Roxana explained its sick leave policy and accrual rates when it hired Ms. Norwood.  On September 12, 2017, Roxana undisputedly counseled Ms. Norwood specifically on her misuse of sick time.  Furthermore, Captain Johnson testified that he warned her during that reprimand that such continued behavior would result in her termination.

14.  The Court acknowledges that Ms. Norwood provided explanations for her absences.  For instance, she explained that she (1) attempted to provide doctor's notes to Roxana, (2) appeared visibly sick at work on occasion before calling out, (3) used her sick leave to take care of her grandmother, and (4) did not miss work at other times, but rather traded shifts with Captain Johnson's approval.  Ms. Norwood's testimony, if accepted by the Board, may very well have constituted substantial evidence that Roxana did not have just cause to terminate Ms. Norwood.  On an administrative appeal, however, it is not this Court's role to pick between two rational findings.  Namely, the Court may not substitute its judgment for that of an

---

[35] *Majaya v. Sojourners' Place*, 2003 WL 21350542, at *4 (Del. Super. June 6, 2003).
[36] *Id.*
[37] *Optima Cleaning Sys., Inc. v. Unemployment Ins. Appeal Bd.*, 2010 WL 5307981, at *3 (Del. Super. Dec. 7, 2010) (citing *McCoy v. Occidental Chem. Corp.*, 1996 WL 111126, at *3 (Del. Super. Feb. 7, 1996)).

administrative body, even if it would have reached a different conclusion.[38] Reversal is warranted only if the administrative agency's decision turned on factual findings that were unsupported by substantial evidence."[39]

15. On this record, substantial evidence supported the Board's finding that Roxana fired Ms. Norwood for just cause. Pursuant to 19 *Del. C.* § 3323(a), this Court performs only a limited factual review. Credibility assessments of testifying witnesses are appropriately left for the administrative agency, which is the finder of fact.[40] Here, the Board found that Captain Johnson testified credibly that Ms. Norwood used her sick leave as a means to avoid working with certain partners on all but one day. Although Ms. Norwood denied this, the Board assigned considerable weight to the following: (1) Captain Johnson's testimony and findings identifying a pattern of such behavior, and (2) the fact that Ms. Norwood's doctor's notes came after her absences and in some cases did not correlate with her call outs.[41] The Board did not ignore Ms. Norwood's explanations, but rather, as the finder of fact chose to assign Captain Johnson's contradictory testimony greater weight. Furthermore, nothing in administrative law prohibits an agency from basing its decision, in whole or part, upon circumstantial evidence. Here, the circumstances rationally supported the Board's finding of a correlation between her call outs and

---

[38] *Spar Mktg. Servs., Inc. v. Unemployment Ins. Appeal Bd.*, 2013 WL 3788874, at *3 (Del. Super. July 9, 2013) (citing *Olney v. Cooch*, 425 A.2d 610, 613 (Del. 1981)), *aff'd,* 74 A.3d 655 (Del. 2013). *See also Casad v. Delaware Violent Crimes Comp. Bd.*, 1993 WL 544011, at *2 (Del. Super. Dec. 29, 1993) (explaining "the Court cannot substitute its judgment for that of an administrative body even where the Court would disagree in the first place").

[39] *Olney*, 425 A.2d at 613 (quoting *Kreshtool v. Delmarva Power & Light Co.*, 310 A.2d 649, 652 (Del. Super. July 9, 1973)).

[40] *Anchor Motor Freight, Inc. v. Unemployment Ins. Appeal Bd.*, 325 A.2d 374, 375 (Del. Super. 1974) (explaining that the Superior Court's review consists of determining whether substantial evidence supports the Board's holdings, but "questions of credibility and conflicts in the evidence are resolved by the Board").

[41] Record, "Notice of Board Decision," at 47.

select shifts. The Board's conclusion that she abused her sick leave did not exceed the bounds of reason.

16. On balance, Roxana offered evidence, when viewed with the appropriate deference, that permitted a reasonable mind to conclude Roxana had just cause to terminate Ms. Norwood because she abused her sick leave. After weighing the parties' conflicting testimony, the Board found Captain Johnson's version of events to be the most credible. Accordingly, there was substantial evidence to support the Board's decision that Roxana terminated her with just cause.

**NOW THEREFORE**, for the reasons cited, the UIAB's decision was based upon substantial evidence and was free from legal error. Accordingly, the decision must be **AFFIRMED.**

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

JJC:jb
*Via File & Serve Xpress*

9